

**U.S. Department of Justice**
*United States Attorney*
*Eastern District of Louisiana*

---

*Carter K. D. Guice, Jr.*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3072*
*Fax: 504-589-4390*

**August 14, 2023**

Honorable Jay C. Zainey
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

    Re:    United States v. New Orleans Steamboat Company
               Criminal Docket No. 23-108, "A"

Dear Judge Zainey:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and New Orleans Steamboat Company ("NOSC"), the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Aaron Rives, Esq., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government intends to file a one count Bill of Information in the Eastern District of Louisiana against the defendant, NOSC, charging NOSC with a felony violation of the Clean Water Act, 33 U.S.C. § 1319(c)(2)(A). In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges against the Company or against any related companion entity that operates out of the same office arising from or related to any and all conduct known to the Government, in the Eastern District of Louisiana, at the time of the relevant plea agreement including the activities specifically set forth in the Factual Basis.

    NOSC agrees to have a special corporate meeting to authorize by resolution its agent to appear in court and plead guilty. The Government and NOSC agree to submit to the court that a $50,000 fine would be a reasonable sentence, the maximum fine for the one count felony.

    The defendant further understands that the maximum penalty defendant may receive should its plea of guilty be accepted is 5 years term of probation and/or a fine of $500,000 or the greater

Page 1 of 4

                                                  AUSA
                                                  Defendant
                                                  Defense Counsel

of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

NOSC understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal its conviction, sentence, restitution, fine, and judgment imposed by the Court. NOSC also understands that it may have the right to file collateral challenges to its conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest NOSC's guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of NOSC's sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which NOSC's sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

AUSA _____
Defendant _____
Defense Counsel _____

  c. Waives and gives up any right to challenge NOSC's sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to *his/her sentence of any kind; and

  d. NOSC specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

  The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

  NOSC understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. NOSC understands the Court could impose the maximum term of probation and fine allowed by law. NOSC is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

  In an effort to resolve this matter in a timely fashion and show good faith, NOSC agrees to knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. NOSC understands and agrees that in the event the defendant violates the plea agreement, withdraws its decision to plead guilty, NOSC guilty plea is later withdrawn or otherwise set aside, any statements made by NOSC to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

AUSA _C G_
Defendant
Defense Counsel

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of its conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to its inclusion in the Treasury Offset Program.

Very truly yours,

DUANE A. EVANS
UNITED STATES ATTORNEY

_____  8-14-23
CARTER K. D. GUICE. JR.    Date
Assistant United States Attorney

_____  8/14/2023
AARON RIVES, ESQ.    Date
Attorney for DEFENDANT

_____  8/14/23
REPRESENTATIVE OF    Date
NEW ORLEANS STEAMBOAT
COMPANY
Defendant